THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-cv-151

| | |
|---|---|
| **JACQUELIN WARREN**<br>**Plaintiff,**<br><br>vs.<br><br>**NCO FINANCIAL SYSTEMS, INC.**<br>**Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

The Fair Debt Collection Practices Act (FDCPA or Act), 15 U.S.C. §§ 1692, *et seq*. imposes civil liability on "debt collectors" for certain prohibited debt collection practices. The Act includes a private right of action by "any person" adversely affected by the violation. Congress intended private actions to be the main vehicle for enforcing the Act: "The committee views this legislation as primarily self-enforcing; consumers who have been subject to collection abuses will be enforcing compliance." S. Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.C.A.A.N. 1695, 1696.

North Carolina has also enacted legislation to protect consumers from abusive, deceptive or unfair debt collection practices, North Carolina General Statute §§ 58-70-90 *et seq*. Part 3. Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers (PPCA) and North Carolina's Prohibited Acts by Debt Collectors Statute, N.C. Gen. Stat. §§ 75-50 *et seq*. (PADC).

The plaintiff, Jacquelin Warren, by and through her undersigned attorney, sues the defendant, NCO Financial Systems, Inc. (Defendant NCO), and alleges and says as follows:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over the state law claims as those arise from a common nucleus of operative facts.

2. This action arises out of defendant's violations of the FDCPA and PPCA in their illegal efforts to collect a consumer debt from Mrs. Warren.

3. Venue is proper in this District because the acts and transactions occurred here, Mrs. Warren resides here, and defendant transacts business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within the applicable statute of limitations for claims arising under North Carolina law.

**PARTIES**

5. Plaintiff Jackie Warren is a natural person who resides in the town of Newton Grove, Sampson County, North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692k, N.C. Gen. Stat. § 58-70-90(2).

6. Defendant NCO is a foreign, professional corporation organized under the laws of the State of Delaware.

7. Defendant NCO maintains its principal place of business as a collection agency 507 Prudential Road, Horsham, Pennsylvania 19044 and may be served with service of process through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

8. Defendant NCO is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

9. Defendant NCO regularly attempts to collect consumer defaulted debts alleged to be due to another.

10. Defendant NCO is registered as a collection agency with the North Carolina Department of Insurance whose permit number is 101723.

11. Defendant NCO was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and a "collection agency" as that term is defined in § 58-70-90(1).

## FACTUAL ALLEGATIONS

12. Mrs. Warren is a consumer or other person as that term is defined in 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2).

13. At some point, Mrs. Warren incurred multiple debts during a time of illness that were used for personal, household and family purchases, such as, the purchase of gas, groceries and garments.

14. Subsequently, Mrs. Warren's account was sold or otherwise transferred and/or placed with Defendant NCO.

3

15. The account placed with Defendant NCO is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and N.C. Gen Stat. § 58-70-90(3).

*Collection Calls in April 2010*

16. In the month of April 2010, Defendant NCO began a series of phone calls in an attempt to collect on the account.

17. Defendant NCO left the following pre-recorded messages on Mrs. Warren's voicemail in an attempt to collect on the defaulted account on April 8, 2010, April 10, 2010, April 13, 2010, April 14, 2010, April 20, 2010, April 23, 2010, and April 24, 2010.

18. Two different types of pre-recorded messages were left by Defendant NCO.

19. One of the pre-recorded messages was:

"This is an important message from NCO Financial Systems, Inc. the law requires that we notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call [unintelligible name] call back today at 1-800-220-1942. Once again, the number is 800-220-1942. When calling please use reference ID 1N4WIH. Thank you. Goodbye."

20. The other pre-recorded message was slightly different:

"This is an important message from NCO Financial Systems, Inc. The law requires that we notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call [unintelligible name] call back today at 800-223-1486. Once again, the

4

number is 800-233-1486. When calling please use reference ID 1N4WIH. Thank you. Goodbye."

21. Defendant NCO left the following voicemail message by its employee and/or agent on April 8, 2010:

"This confidential and important message is meant solely for Jacquelin Warren. My name is Isaac Ericsson. The law requires that I notify you that I am calling from NCO Financial Systems Inc., a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me at 1-800-220-1942, extension 3256. Again the number is 1-800-220-1942, extension 3256. Please return my phone call. Thank you."

22. Defendant NCO left voice messages with disregard as to whether it would be heard by a third-party in violation of state and federal law.

23. By point of fact, Mrs. Warren has a relatively outdated answering machine which broadcasts the messages as they are left.

24. The message left by Defendant NCO on April 10, 2010 was overheard by

25. girls who were attending a sleepover Mrs. Warren's home.

26. Mrs. Warren's daughter was embarrassed and upset that her friends heard the message revealing her mother's indebtedness.

27. Mrs. Warren was highly embarrassed and upset that the teenagers heard about her alleged indebtedness.

28. Mrs. Warren was upset over the angst that the message had caused to her daughter.

29. Defendant NCO's demands for an immediate return phone call that day were false statements designed to create a false sense of urgency to pay the purported debt, tactics long condemned elsewhere. *See, e.g. Creighton v. Emporia Credit Service, Inc.*, 981 F. 411 (E.D. Va. 1997); and *Morgan v. Credit Adjustment Board*, 999 F. Supp. 803 (E.D. Va. 1998).

30. Defendant NCO did not send Mrs. Warren any written communications in connection with the collection of the subject debt.

31. Defendant NCO did not disclose to Mrs. Warren her thirty-day validation rights as required by 15 U.S.C. 1692g.

### *Respondeat Superior Liability*

32. The acts and omissions of debt collectors employed as agents by Defendant NCO who communicated with Mrs. Warren as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

33. The acts and omissions by debt collectors employed as agents by Defendant NCO, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCO in collecting consumer debts.

34. By committing these acts and omissions against Mrs. Warren, the employee debt collectors were motivated to benefit their principal Defendant NCO.

35. Defendant NCO is therefore liable to Mrs. Warren through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including, but

6

not limited to, violations of the FDCPA and PPCA in the illegal attempts to collect this debt from Mrs. Warren.

36. Defendant's illegal calculated collection efforts are highly upsetting to Mrs. Warren.

37. Mrs. Warren suffered anxiety, embarrassment, and frustration, amongst other negative emotions.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT ONE

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692g.

41. As a result of Defendant' violations of the FDCPA, Mrs. Warren is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from each and every Defendant; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C.

§ 1692k(a)(2)(A) from each and every Defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

## COUNT TWO

## VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION STATUTE

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

43. Defendant NCO is a collection agency as defined by N.C. Gen. Stat. § 58-70-15(a).

44. Defendant NCO's conduct as alleged above violated N.C. Gen. Stat. § 58-70-95, N.C. Gen. Stat. §58-70-110, and N.C. Gen. Stat. § 58-70-115.

45. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the NC Debt Collection Statute including, but not limited to N.C. Gen. Stat. § 58-70-105.

46. Defendant NCO otherwise violated N.C. Gen. Stat. §§ 58-70-1 to 58-70-130, and accordingly Mrs. Warren is entitled to recovery of a civil penalty up to four thousand dollars for each violation under N.C. Gen. Stat. § 58-70-130(b), and reasonable attorney's fees under N.C. Gen. Stat. § 58-70-130(c).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3);

4. for an award of actual damages pursuant to N.C. Gen. Stat. § 58-70-130(a);

5. for an award of statutory damages of $4,000.00 per violation pursuant to N.C. Gen. Stat. § 58-70-130(b);

6. for an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 58-70-130(c);

7. for a declaratory judgment that the conduct of Defendant NCO violated the FDCPA;

8. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest; and

9. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this _____ day of July, 2010.

                      MARTIN ATTORNEY AT LAW, PLLC

                      By:     /s/ Angela O. Martin
                            Angela O. Martin, Esq.
                            NC Bar 34951
                            Martin Attorney at Law, PLLC
                            1911 Keller Andrews Road
                            Sanford, North Carolina  27330
                            (919) 708-7477, FAX: (888) 872-4232
                            angela@angelamartinlaw.com

                            The Norris Law Firm, PLLC
                            J. Matthew Norris
                            8601 Six Forks Road, Ste. 400
                            Raleigh, NC 27615
                            N.C. State Bar No. 37206
                            Phone: (919) 424-8386
                            Fax: (919) 585-5324
                            jmn@norris-Iaw.com
                            ATTORNEYS FOR THE PLAINTIFF